IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, WACO DIVISION

| | |
|---|---|
| AMERICAN INCOME LIFE INSURANCE COMPANY, § § § § Plaintiff, § § v. § § JOHN V. HARTIN, § § Defendant. § | Civil Action No. 6:19-cv-266 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, American Income Life Insurance Company ("AIL" or "the Company") and files its Original Complaint against John V. Hartin, Defendant, in the above styled and numbered action. In support thereof, Plaintiff respectfully shows the Court the following:

### I. PARTIES

1. Plaintiff, AIL, is a corporation incorporated in Indiana with its principal place of business at 1200 Wooded Acres Drive, Waco, Texas 76710.

2. Defendant, John V. Hartin is an individual who may be served with process at his residence located at 122 E. Sego Lily Drive, Sandy, Utah 84070 or wherever he may be found.

### II. JURISDICTION

3. This court has diversity jurisdiction over the parties, as the Plaintiff is a citizen of the States of Texas and Indiana, and the Defendant is a citizen of Utah. Complete diversity exists between the parties. 28 U.S.C. § 1332(a)(1).

4.     The amount in controversy, including attorney's fees reasonably necessary to prosecute the suit, are in excess of $75,000.00. Additionally, this suit seeks injunctive relief as between the parties. The value of the proprietary, confidential information AIL seeks to enjoin Hartin from using is in excess of $75,000.00.

### III.     VENUE

5.     Venue is proper in the Western District of Texas, located in Waco, McLennan County, Texas because the parties contracted and agreed to venue in the federal court located in McLennan County, Texas. *See* Exh. 1, Agent Contract.

### IV.     BACKGROUND

6.     Plaintiff, American Income Life Insurance Company, is one of the nation's largest supplemental life insurance providers. In order to sell those policies, AIL contracts with independent contractor insurance agents to work with its customers. An Agent Contract governs the relationship between AIL and the independent contractor. *See* Exh. 1, Agent Contract. The Agent Contract details both AIL's and the agent's obligations to each other. *See* Exh. 1, Agent Contract.

Hartin's Obligations

7.     In the Agent Contract between AIL and Hartin, Hartin agreed that he would use all records provided to him by AIL **only** for the purposes of selling life insurance **for AIL**, and he recognized specifically that he would

> use all business records, policyholder records, and records of leads, prospects or memberships of organizations, **only for the business purposes of American Income Life Insurance Company** ("the Company"), to hold such records in confidence, and to comply with any and all applicable privacy laws regarding such records, and to recognize that such records are the property of the Company whether paid for or created by the efforts of the Company, the state general agent, the agent, or any other person, and to surrender such records to the Company upon request, without retaining copies.

Exh. 1, Agent Contract at 1, "Obligations of Agent" (a) (emph. added).

8. Hartin also agreed that he would "never attempt to induce representatives of the Company to end their respective relationships with the Company, or to breach their respective contracts with the Company." *Id.* at 1, "Obligations of Agent" (c).

9. He also agreed to never take any action that would harm AIL. *Id.* at 1, "Obligations of Agent" (c), (e).

10. Additionally, Hartin agreed that he would not maintain a contract or appointment with any company other than AIL while an agent of AIL. *Id.* at 1, "Obligations of Agent" (f).

11. Hartin understood and agreed that information he received from AIL regarding customers, leads, and AIL's policies, procedures, and business was confidential and proprietary information that AIL permitted Hartin to use while under contract with AIL. Hartin agreed not to disclose any of AIL's confidential and proprietary information to anyone other than employees that had a need to know the information and that the nondisclosure of the information survived the termination of his contract. *Id.* at 3, "Non-Disclosure of Information."

12. AIL provides its agents with confidential, proprietary information via secured, password protected attachments to emails. AIL's confidential, proprietary information includes, but is not limited to, leads, referral lists, customer lists, agent lists, and documents with sales methods designed to teach the AIL agents how to successfully sell insurance products. The information is not disclosed to individuals or entities outside of AIL and its agents and has been developed and cultivated over decades with considerable time and expense to AIL.

Hartin Solicited Other Agents to Leave in Violation of Agent Contract

13. On or about January 2, 2019, AIL learned that Hartin had been soliciting other AIL agents to terminate their relationships with the Company.

14. On information and belief, Hartin actively recruited and induced no less than 19 AIL agents to end their contract or relationships with AIL and instead join him in selling insurance products for an AIL competitor. The following is a list of AIL agents that Hartin, in violation of the Agent Contract, successfully solicited in August and November of 2018:

August 2018:

a. Brock Emery;

b. Jason Morris;

c. Brianna Morris;

d. Cameron Hall;

e. Jordan Brown;

f. Elijah Hingham;

g. Robert Jones;

h. Aaron McEntire;

i. Magdalena Leal;

j. Dallen Wilkins;

k. Clay Nix;

l. Jesse Campbell;

m. Adam Hale; and

n. Garrisan Cantwell.

November 2018:

    a.    Roy Stephens;

    b.    Isaiah Tademy;

    c.    Steven Reeves;

    d.    Nicholas Simons; and

    e.    Jordan Pryer.

15. Upon information and belief, while inducing AIL agents to work for a rival insurance company, Hartin wrongfully used and misappropriated AIL's customer lists, leads, referral lists, agent lists, and documents containing AIL's sales methods given to AIL agents to assist them in selling insurance products.

16. Hartin thus breached his Agent Contract by engaging in activities expressly prohibited by the Agent Contract. Finally, by misappropriating and misusing AIL's confidential trade information in violation of his agent contract, Hartin has misappropriated the trade secrets of AIL.

17. The Agent Contract between Hartin and AIL allowed for AIL to advance commissions to Hartin on policies Hartin sold, which AIL did.

18. The Agent Contract between Hartin and AIL states that "[a]fter termination of this Contract, with or without cause any Advance Commissions that have not been fully repaid will be immediately repaid by the Agent."

19. Hartin has not repaid all Advanced Commissions to AIL.

20. Hartin must immediately repay all Advanced Commissions to AIL.

## V. CAUSES OF ACTION

Cause of Action No. 1: Breach of Contract

21. Plaintiff incorporates paragraphs 6-20 as if fully set out herein.

22. AIL and Hartin entered into the Agent Contract on February 13, 2018. *See* Exh. 1. Under the Agent Contract, AIL provided Hartin access to AIL's confidential and proprietary information.

23. Hartin failed to perform his obligations under the Agent Contract, therefore breaching the parties' agreement. Hartin expressly agreed (1) to not use the confidential information provided to him during his tenure except in connection with his performance of his duties under the Agent Contract; (2) to refrain from soliciting Company representatives to end their relationship with the Company; and (3) to refrain from engaging in any conduct that would injure the business or reputation of AIL. *See* Ex. 1 at 1, 3. Hartin knowingly and repeatedly did each of the foregoing things, thus breaching his Agent Contract.

24. AIL has suffered both monetary damages and damages to its goodwill and reputation as a result of Hartin's breach and is additionally entitled to the injunctive relief sought herein.

25. Hartin further failed to perform his obligations under the Agent Contract by failing to immediately repay all Advanced Commissions to AIL, thereby causing monetary damages to AIL.

Cause of Action No. 2: Tortious Interference with Existing Contract

26. Plaintiff incorporates paragraphs 6-25 as if fully set out herein.

27. Hartin also has tortiously interfered with AIL's existing contracts with its customers.[1]

28. AIL had valid and enforceable contracts with each agent listed in paragraph 14. On information and belief, Hartin interfered with those contracts by intentionally and improperly inducing those agents to leave AIL and join him in working for Family First Life. AIL has suffered both monetary damages and damages to its goodwill as a result of Hartin's actions.

Cause of Action No. 3: Trade Secret Misappropriation

29. Plaintiff incorporates paragraphs 6-28 as if fully set out herein.

30. Under the Texas Uniform Trade Secrets Act ("TUTSA"), the elements of trade secret misappropriation are (1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the misappropriation caused injury if the plaintiff seeks damages. Tex. Civ. Prac. & Rem. Code §§ 134A.002, 134A.004(a). Here, on information and belief, Hartin misappropriated AIL's trade secrets by using AIL's customer lists, agent lists, lead lists, sale methods, and other related materials owned by AIL, which Hartin had previously acknowledged as AIL's confidential and proprietary information, to improperly induce agents to leave AIL and sell life insurance products for other companies.

31. AIL is entitled to damages as alleged herein as well as the injunctive relief sought.

---

[1] The elements of tortious interference with an existing contract are the following:
    (1) the plaintiff had a valid contract;
    (2) the defendant willfully and intentionally interfered with that contract;
    (3) the defendant's interference proximately caused the plaintiff's injury; and
    (4) the plaintiff incurred actual damage or loss.
*Community Health Syst. Professional Services v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017).

## VI.   DAMAGES

32.   Plaintiff incorporates paragraphs 6-30 as if fully set out herein.

33.   As a result of Hartin's breach of contract, tortious interference with existing contracts, and misappropriation of trade secrets, AIL is entitled to monetary relief, including attorney's fees under Chapter 38.001 of the Texas Civil Practice and Remedies Code, TUTSA § 134A.205 and the Agent Contract, the value of which exceeds $75,000.00.

## VII.   INJUNCTIVE RELIEF

34.   Plaintiff incorporates paragraphs 6-33 as if fully setout herein.

35.   Further, AIL is entitled to injunctive relief, including a temporary injunction to maintain the status quo until judgment is entered and a permanent injunction after judgment is entered.  A Motion for a Preliminary Injunction is filed concurrently with this Complaint.  Without the Court entering both a preliminary temporary injunction and a permanent injunction against Hartin, his behavior of soliciting AIL agents to end their relationship with AIL, as well as misusing AIL's proprietary and confidential trade secret information will continue and irreparably harm AIL and may well expand to the solicitation of existing and prospective customers of AIL.

36.   Specifically, AIL asks the Court to immediately enjoin Defendant, John V. Hartin, and all those in active concert or participation with him, from taking any and all actions consummating, effectuating, or assisting in any of the following while this action is pending, and until final judgment is entered by the Court:

   a. Destroying, distributing, disclosing, transmitting, duplicating, or using in any manner and failing to hold strictly confidential all information/materials of AIL or the Company (whether electronic or in hard copy format) (pending return to AIL, via AIL's counsel at the below address), including but not limited to:

      i. all copies of all policyholder information
      ii. lead lists;
      iii. referral lists;
      iv. agent lists;
      v. customer lists;
      vi. AIL sales methods, policies, and procedures; and
      vii. any other materials related to the solicitation and/or sale of American Income Life Insurance Company policies.

b. Soliciting or contacting any AIL Representatives or Agents in connection with, or for the purpose of inducing them to end their relationship with AIL;

c. Soliciting or contacting any policyholders, or potential policy holders of AIL in connection with, or for the purpose of soliciting them to change life insurance companies/products; and

d. If contacted by a policyholder of the Company, failing to direct that policyholder for further service to AIL representative, Debbie Gamble, at (254) 761-6672 or dgamble@ailife.com, or directing the policyholder to a business other than the Company.

## VIII. ATTORNEY'S FEES AND INTEREST

37. Plaintiff incorporates paragraphs 6-36 as if fully setout herein.

38. As a result of Hartin's improper actions, AIL was forced to seek representation by counsel to protect its rights under the contract. As such, AIL is also entitled to reasonable and necessary attorney's fees, as provided by the Agent Contract, Texas Civil Practice and Remedies Code, Chapter 38, and the Texas Uniform Trade Secrets Act § 134A.005.

39. AIL is also entitled to prejudgment and post-judgment interests, costs, and any other relief in law or in equity, to which it may be entitled.

## IX. CONDITIONS PRECEDENT

40. All conditions precedent to recovery by plaintiff have been performed, have occurred, or have been excused.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff, American Income Life Insurance Company, respectfully requests that upon the Court's review of the facts, evidence, the applicable law, that AIL be awarded actual damages, attorney's fees, prejudgment and post-judgment interest, costs, and preliminary and permanent injunctive relief that enjoins Hartin, at a minimum, from engaging in the following conduct:

a. Destroying, distributing, disclosing, transmitting, duplicating, or using in any manner and failing to hold strictly confidential all information/materials of AIL or the Company (whether electronic or in hard copy format) (pending return to AIL, via AIL's counsel at the below address), including but not limited to:

   i. all copies of all policyholder information
   ii. lead lists;
   iii. referral lists;
   iv. agent lists;
   v. customer lists;
   vi. AIL sales methods, policies, and procedures; and
   vii. any other materials related to the solicitation and/or sale of American Income Life Insurance Company policies.

b. Soliciting or contacting any AIL Representatives or Agents in connection with, or for the purpose of inducing them to end their relationship with AIL;

c. Soliciting or contacting any policyholders, or potential policy holders of AIL in connection with, or for the purpose of soliciting them to change life insurance companies/products; and

d. If contacted by a policyholder of the Company, failing to direct that policyholder for further service to AIL representative, Debbie Gamble, at (254) 761-6672 or dgamble@ailife.com, or directing the policyholder to a business other than the Company.

AIL also prays for any and all other relief to which it may show itself to be justly entitled.

Respectfully submitted,

*[signature]*

Andy McSwain
State Bar No. 13861100
mcswain@thetexasfirm.com
Lauren J. Olivarez
State Bar No. 24084275
olivarez@thetexasfirm.com
**Beard, Kultgen, Brophy Bostwick & Dickson, PLLC**
220 South Fourth Street
Waco, Texas 76701
Telephone: (254) 776-5500
Telecopier: (254) 776-3591

**ATTORNEYS FOR PLAINTIFF**

**AMERICAN INCOME LIFE INSURANCE COMPANY**